GEORGE W. FLACH vs. FRANKLIN TEMPLE and JOHN B. WHARTON, Sheriff of Kent County in the State of Delaware.

*Entry of Judgment—Addition to Record of Judgment—Leave of Court—Application to Court to Strike Off the Addition and Set Aside Execution—Application to Set Aside Execution—Application to Set Aside.*

1. When a judgment d. s. b. has been entered, and sometime thereafter the words "For 60-day forfeiture clause see bond" are added to the record of the judgment without leave of the Court, the words so added will be stricken off, and an execution issued on such judgment set aside.

2. After a judgment has been entered and completed, no alteration of that judgment should be made changing its character in any way, whether by addition or otherwise, without leave of the Court.

(*April 28, 1899.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Henry Ridgely, Jr.,* and *Frank H. Davis* for petitioner.

*Richard R. Kenney* and *John B. Penington* for respondent.

Superior Court, Kent County, April Term, 1899.

RULE TO SHOW CAUSE why an addition to a judgment, being No. 45 to the October Term, 1897, should not be stricken off and the execution issued thereon, being No. 82 to the April Term, 1899, set aside.

The petition of George W. Flach set forth the following facts:

That prior to March, 1899, there was of record in the Superior Court for Kent County a certain judgment at the suit of Franklin Temple, assignee of Thomas S. Clark, vs. George W. Flach, the petitioner, being No. 45 to the October Term, 1897, to wit; "D. s. b. and now to wit, this eighteenth day of November, in the year of our Lord one thousand eight hundred and ninety-seven, the defendant, George W. Flach, by Richard R. Kenney, Esq., his attorney, comes and confesses judgment unto the plaintiff, Franklin Temple, assignee of Thomas S. Clark, for the sum of two thousand dollars, lawful money of the United States of America, with costs of suit, release of errors, as follows, to wit: the interest to be paid annually and the principal debt of one thousand dollars on or before the seventeenth day of November, 1899.

"Attest:       WILLIAM T. HUTSON, P'ry."

That sometime in the month of March, in the year A. D. 1899, the record of said judgment was altered, without leave of this Court first had and obtained, and without notice to, or the knowledge or assent of, your petitioner, the defendant in said judgment, by adding upon the record thereof the following, to wit: "For 60-day forfeiture clause see bond." That execution was subsequently issued thereon by the plaintiff in the judgment.

The question presented to the Court and argued on the return of the rule was whether the amendment was properly made or made without authority, and the application was that said amendment or addition to the record of the judgment be stricken off, and the said writ of *fieri facias* be set aside and declared absolutely null and void.

After hearing argument by the respective counsel, the Court rendered the following decision:

LORE, C. J.:—After considering the arguments in this matter, the judgment of the Court is that the words "for 60-day forfeiture clause see bond," which were, without the leave of the Court, added in March, 1899, more than a year after the entry of this judgment, be stricken off, and also that the execution issued on said judgment, being *fi. fa.* No. 82 to the April Term, 1899, of this Court, be set aside.

There is no evidence here that the entry of the above clause was anything more than a mistake, but we wish to announce that after a judgment has been entered and completed, as this was, no alterations of the judgment should be made changing its character in any way, whether by addition or otherwise, without leave of the Court.

Let the rule be made absolute.